NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL JONES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondents. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 16-1114 (AET)<br><br>**OPINION** |

**THOMPSON, District Judge:**

This matter comes before the Court on Petitioner's motion to stay the proceedings (ECF No. 11) and Respondent's request to file supplemental briefing (ECF No. 13). This motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the motion to stay is dismissed as moot. Plaintiff may file a motion to amend his petition within 45 days of the date of this order.

1. Petitioner filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 on February 26, 2016 (ECF No. 1).

2. Respondent filed its answer on June 18, 2016 (ECF No. 9).

3. Petitioner submitted a traverse on August 12, 2016 (ECF No. 10).

4. On February 27, 2017, Petitioner filed a motion to stay the proceedings pending submission of a supplemental brief pursuant to Federal Rule of Criminal Procedure Rule 28(j) (ECF No. 11). He submitted a supplemental brief on April 28, 2017 (ECF No. 12). The motion

for a stay will be dismissed as moot because Petitioner has submitted the document for which he wanted the stay.

5. Respondent requested permission to supplement its answer as the supplemental brief raised issues not included in Petitioner's original petition (ECF No. 13).

6. Petitioner cites Federal Rule of Criminal Procedure 28(j) as support for supplementing his petition. There is no subsection (j) to Rule 28, which states in its entirety: "The court may select, appoint, and set the reasonable compensation for an interpreter, including an interpreter for the victim. The compensation must be paid from funds provided by law or by the government, as the court may direct." This matter is governed by the Federal Rules of Civil Procedure and the Rules Governing § 2255 Proceedings. If Petitioner wishes to supplement his petition, he must comply with Federal Rule of Civil Procedure 15. *See United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.), *cert. denied*, 528 U.S. 866 (1999).

7. Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. Once a responsive pleading is filed, Petitioner may only amend his pleadings with Respondent's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2).

8. Petitioner must submit a formal motion to the Court to amend his § 2255 motion. Petitioner should also be advised that under federal law, a person seeking relief in federal court from confinement resulting from conviction in that court must include in a single petition, under § 2255, all potential claims for which he or she desires to seek review and relief, because a second or successive habeas petition under § 2255 which seeks to raise new grounds must be dismissed unless certain very specific and rare circumstances exist. *See* 28 U.S.C. § 2244; *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). If he intends to move to amend his petition, he

2

should ensure that all potential claims are included, subject to the one (1) year period described by the Antiterrorism Effective Death Penalty Act in 28 U.S.C. § 2255.

9. If no motion to amend is filed within 45 days of the date of this order, the Court will continue reviewing the motion as originally filed (ECF No. 1). In the event a motion is filed and granted, Respondent will be given time to supplement its answer, if necessary.

10. An appropriate order follows.

May 25, 2017
Date

ANNE E. THOMPSON
U.S. District Judge