RECEIVED
AUG 2 5 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL JONES,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondents. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 16-1114 (AET)<br><br>**OPINION** |

**THOMPSON, District Judge:**

       This matter comes before the Court on Petitioner's unopposed motion to amend his § 2255 motion (ECF No. 16). This motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the motion to amend is granted. Respondent may file a supplemental answer and appendix within 45 days of the date of this order. Petitioner may submit a supplemental traverse within 30 days of receiving the supplemental answer.

       1.       Petitioner filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 on February 26, 2016 (ECF No. 1).

       2.       Respondent filed its answer on June 18, 2016 (ECF No. 9).

       3.       Petitioner submitted a traverse on August 12, 2016 (ECF No. 10).

       4.       On February 27, 2017, Petitioner filed a motion to stay the proceedings pending submission of a supplemental brief pursuant to Federal Rule of Criminal Procedure Rule 28(j) (ECF No. 11). He submitted a supplemental brief on April 28, 2017 (ECF No. 12).

5. Respondent requested permission to supplement its answer as the supplemental brief raised issues not included in Petitioner's original petition (ECF No. 13).

6. On May 25, 2017, the Court dismissed the motion to stay as moot as Petitioner had submitted the supplement to his motion. (ECF No. 15). The Court informed Petitioner any motion to amend had to comply with Federal Rule of Civil Procedure 15 and should include all other claims he wished to present to the Court in his § 2255 motion. (ECF No. 14 ¶¶ 7-8). *See also* 28 U.S.C. § 2244; *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).

7. Petitioner filed his motion to amend within the timeframe set forth by the Court. (ECF No. 16). Respondent filed no opposition to the motion.

8. Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. Once a responsive pleading is filed, Petitioner may only amend his pleadings with Respondent's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

9. Petitioner seeks to add a claim alleging ineffective assistance of counsel due to trial counsel's alleged failure to object to the imposition of an enhanced sentence.

10. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on challenges to a federal conviction or sentence. *See* 28 U.S.C. § 2255(f). This limitations period applies to new petitions "as well as amendments of existing motions to add new claims or legal theories after the one-year period has expired." *Mass v. United States*, No. 11-2407, 2014 WL 6611498, at *3 (D.N.J. Nov. 20, 2014) (citing *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)). Petitioner filed this motion beyond AEDPA's one-year limitations period.

11.     "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration in original) (quoting Fed. R. Civ. Pro. 15(c)). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

12.     The ground raised in Petitioner's motion relates back because it arises out of the same set of facts as Ground One of his original motion, namely his trial counsel's alleged failure to correctly evaluate Petitioner's criminal history. The motion to amend is therefore granted.

13.     Respondent may file a supplemental answer and appendix within 45 days of the entry of this Opinion and Order. Petitioner may submit a supplemental traverse within 30 days of receipt of the supplemental answer.

14.     An appropriate order follows.

8/18/17
Date

ANNE E. THOMPSON
U.S. District Judge

3