IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL JONES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 16-1114 (AET)<br><br>**OPINION** |

**ANNE E. THOMPSON, U.S.D.J.**

## I. INTRODUCTION

Jamal Jones ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 1, 16.) Respondent, the United States of America, opposes the motion. (ECF Nos. 9, 21.) For the reasons stated herein, Petitioner's motion is denied, and no certificate of appealability will issue.

## II. BACKGROUND

On October 16, 2014, Petitioner pled guilty to two counts of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *United States v. Jones*, Crim. No. 14-516, ECF No. 17. Those charges arose from two separate drugs transactions made by Petitioner to a confidential source for the Drug Enforcement Administration in November 2013.

Petitioner appeared for sentencing before this Court on June 16, 2015. Crim. No. 14-516, ECF No. 25. The Probation Office had determined that Petitioner qualified as a career offender and, pursuant to that designation, calculated his Guidelines offense level to be 29. Presentence Report ("PSR"), ¶¶ 30–31. The career offender designation was based on a 2002 sentence for

possession of a controlled dangerous substance with intent to distribute in the Superior Court of New Jersey, Middlesex County and a 2013 sentence for possession with intent to distribute in the Superior Court of New Jersey, Essex County. PSR ¶¶ 49, 57. Based on an extensive criminal record, Petitioner was assessed 18 criminal history points, placing him in criminal history category VI. PSR ¶¶ 60–63. These calculations resulted in a Guidelines range of 151 to 188 months. PSR ¶ 113. Nevertheless, this Court sentenced Petitioner to a term of 96 months on both counts to run concurrent with credit for time served. Crim. No. 14-516, ECF No. 26. Petitioner did not file a direct appeal.

On February 26, 2016, Petitioner filed the instant motion to vacate, set aside, or correct his sentence. (ECF No. 1.) In his § 2255 motion, Petitioner challenges the calculation of his criminal history and alleges his counsel was ineffective in not objecting to that calculation. (*Id.*) In February 2017, Petitioner filed a motion to stay this action to enable him to file a supplemental brief based on the Third Circuit's decision in *Chang-Cruz v. Attorney General United States of America*, 659 F. App'x 114 (3d Cir. 2016). (ECF No. 11.) Shortly thereafter, on April 18, 2017, Petitioner filed a supplemental brief in which he alleged that his counsel was ineffective for not challenging his designation as a career offender. (ECF No. 12.) This Court denied the motion to stay as moot and directed Petitioner to file a motion to amend his § 2255 motion to add the new claim. (ECF No. 15.) Petitioner did so on June 23, 2017, (ECF No. 16), and this Court granted the motion, (ECF No. 18.)

### III. DISCUSSION

Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the

2

sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005). Here, the record conclusively demonstrates Petitioner is not entitled to relief.

### a. Calculation of Criminal History

Petitioner claims that his sentence is in violation of the Sentencing Guidelines based on three alleged errors in the calculation of his criminal history. Specifically, Petitioner argues that (1) certain offenses should have been counted as a single sentence pursuant to § 4A1.2(a)(2)(B); (2) certain offenses should not have been counted because they constitute "relevant conduct"; and (3) a sentence from 2006 should not have been counted because Petitioner was a juvenile when he committed the offense.[1]

Before reaching the merits of Petitioner's claims, the Court must determine if Petitioner's challenges to his sentence are cognizable on a § 2255 motion. The Third Circuit has cautioned that "[s]ection 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the [C]onstitution or from a statutory defect so fundamental that a

---

[1] Petitioner did not raise these arguments in a direct appeal. Generally, "[a] petitioner's failure to raise a particular error either at trial or on direct appeal generally precludes the assertion of that error for the first time in a collateral attack under Section 2255." *Kikumura v. United States*, 978 F. Supp. 563, 574 (D.N.J. 1997). That is because a collateral attack motion under § 2255 is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184–85 (1979). Because Petitioner did not raise these challenges on direct appeal, he "bears the burden of demonstrating both 'cause' to excuse the procedural default and that 'actual prejudice' will result from the errors at issue." *Kikumura*, 978 F. Supp. at 574–75. However, the Court will not deny these claims as procedurally defaulted because the Government did not raise the argument as an affirmative defense. *See Oelsner v. United States*, 60 F. App'x 412, 414 (3d Cir. 2003) ("The Supreme Court has determined that 'procedural default is an affirmative defense for' the government." (quoting *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996))). The Court declines to raise the issue *sua sponte*.

3

complete miscarriage of justice has occurred." *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000), *abrogated on other grounds*, *Gonzalez v. Thaler*, 565 U.S. 134 (2012). In that connection, "the misapplication of the Sentencing Guidelines does not automatically give rise to a constitutional claim." *Gatling v. United States*, 188 F. Supp. 3d 426, 429 (M.D. Pa. 2015) (citing *United States v. Manigault*, 395 F. App'x 831, 834 (3d Cir. 2014)); *see also United States v. Ruddock*, 82 F. App'x 752, 758 (3d Cir. 2003). While the Third Circuit has never addressed this issue in a precedential opinion,[2] other circuits have held that "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *see also Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) ("We have recognized that sentencing errors are generally not cognizable on collateral review, especially when such errors can be raised on direct appeal."). Petitioner has not set forth any "extraordinary circumstances" that would render his claims cognizable, but the Court will, in an abundance of caution, address the merits of his claims.

Petitioner first takes issue with the points assessed to the convictions set forth in Paragraphs 49 and 50 and Paragraphs 55 and 57. Petitioner argues that because he was sentenced on the same day for each pair of offenses, they should have been counted as two single sentences. The Sentencing Guidelines provide that:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to

---

[2] The Third Circuit acknowledged the lack of precedential opinion on this issue in *United States v. Doe*, 810 F.3d 132 (3d Cir. 2014). In that case, the Court held that challenges to career offender enhancements under the mandatory guidelines were cognizable under § 2255, but explicitly stated its holding did not "consider challenges to the advisory Guidelines, procedural Guidelines error, provisions other than career-offender designation, defaulted claims, or Guidelines errors that do not cause prejudice." *Id.* at 160.

4

> committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4A1.2(a)(2) (U.S. Sentencing Comm'n 2014). Petitioner's criminal history was correctly calculated under this section. Paragraph 49 refers to a conviction for possession of a controlled dangerous substance and possession with intent to distribute for which Petitioner was arrested on July 2, 2001 and sentenced on November 15, 2002. Paragraph 50 refers to a conviction for contempt for which Petitioner was arrested on January 1, 2002 and sentenced on November 15, 2002. These sentences were properly counted separately because, even though Petitioner was sentenced on both offenses on November 15, 2002, they were separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2). The same is true for the convictions set forth in Paragraphs 55 and 57. Paragraph 55 refers to a conviction for possession of a controlled dangerous substance for which Petitioner was arrested on May 3, 2012 and sentenced on June 28, 2013. Paragraph 57 refers to a conviction for possession with intent to distribute for which Petitioner was arrested on December 17, 2012 and sentenced on June 28, 2013. Again, these offenses were properly counted separately because they were separated by an intervening arrest.

Petitioner next challenges the inclusion of an offense committed in 1995, when Petitioner was seventeen years old. Paragraph 40 of the Presentence Report assigns one point to a conviction for receiving stolen property, for which Petitioner was sentenced to two years' probation in 2001, and fifteen-days custody in lieu of fines on July 18, 2006. Petitioner is correct that this conviction should not have counted toward his criminal history. The Sentencing Guidelines provide that for any sentence that does not meet certain enumerated circumstances, one point is added for each offense committed prior to age 18 where the sentence was "imposed within five years of the

5

defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(d)(2)(B). Because Petitioner's sentence on this offense was imposed more than five years before the sentence for the instant conviction, it should not have received any points in the Presentence Report. This error, however, did not bring about a miscarriage of justice because the error had no impact on Petitioner's sentence. The Sentencing Guidelines only permit a maximum of four one-point offenses to count toward a defendant's criminal history. *See* U.S.S.G. § 4A1.1(c). Petitioner had five such offenses, four of which were properly counted. Therefore, Petitioner is not entitled to relief on this claim.

Finally, Petitioner asserts that the convictions set forth in Paragraphs 49, 50, 51, 53, 54, 55, 57, and 59 should not have been counted toward his criminal history because they involved "relevant conduct." Petitioner asserts that these crimes, which all relate to possession or sale of controlled substances, all took place in his "known zones of sales/use," involved common victims, and involved a common scheme—the support of "his habit." (ECF No. 1, at 4.)

Relevant conduct is defined by § 1B1.3 of the Guidelines as

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced procured, or willfully caused by the defendant; and (B) in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3(b)(1)(A)-(B). In considering whether a prior offense involved relevant conduct, "courts examine '(1) the degree of similarity of the offenses; (2) the regularity (repetitions) of the offense; and (3) the time interval between the offenses.'" *United States v. Lawrence*, 214 F. Supp. 3d 401, 411 (E.D. Pa. 2016) (quoting *United States v. West*, 643 F.3d 102, 111 (3d Cir. 2011)). Petitioner's prior convictions for possession and distribution of controlled substances are not

6

"relevant conduct." Those convictions, some of which stem back to 2001, are not temporally related, nor are they similar. Indeed, the convictions occurred in different locations and each involve wholly different circumstances. Simply because heroin was a common denominator in those convictions does not render them "relevant conduct" under the Guidelines.

For these reasons, Petitioner's claims related to the calculation of his criminal history under the Sentencing Guidelines are denied.

### b. Ineffective Assistance of Counsel

Petitioner raises two claims related to the ineffective assistance of counsel. Petitioner first, in vague terms, alleges that his counsel failed "to verify the aspects of the defendant's offense level and the defendant's criminal history points" for accuracy, subjecting Petitioner to a "substantially unreasonable and unfair" sentence. (ECF No. 1, at 1–2.) Petitioner additionally claims that his counsel was ineffective for not challenging his career offender designation. (ECF No. 16.)

A defendant seeking to show that his counsel was constitutionally ineffective must meet a "highly demanding" standard. *Lockhard v. Fretwell*, 506 U.S. 364, 378 (1993). To prevail on a claim of ineffective assistance of counsel, the defendant must show: 1) his counsel's performance fell below an objective standard of reasonable professional assistance; and 2) that counsel's deficient performance prejudiced the defense, meaning there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984).

With respect to Petitioner's first ineffective assistance of counsel claim, he fails to allege specific issues which his counsel should have raised or indicate how his sentence would have been impacted if his counsel had been successful. Absent these allegations, Petitioner cannot meet his burden under *Strickland*. Moreover, even if Petitioner had alleged his counsel should have raised

7

the above-discussed arguments regarding the calculation of his criminal history, Petitioner cannot show he was prejudiced by his counsel's failure to object because the arguments lack merit.

Petitioner's claim that his counsel was ineffective for failing to challenge the career offender enhancement similarly fails under the *Strickland* prejudice prong. The Sentencing Guidelines provide that certain defendants may be categorized a "career offender"

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Petitioner was designated a career offender based on two prior controlled substance offenses in New Jersey state court. A controlled substance offense is defined by the Guidelines, in pertinent part, as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense." *Id.* § 4B1.2(b).

Petitioner's two predicate offenses for the career offender enhancement were for possession of a controlled substance with intent to distribute in violation of N.J. Stat. Ann. § 2C:35-5. That section makes it unlawful for any person to knowingly or purposefully "possess or have under his control with intent to manufacture, distribute or dispute, a controlled dangerous substance or a controlled substance analog." N.J. Stat. Ann. § 2C:35-5(a)(1). This section qualifies as a prior felony conviction for a controlled substance offense under the categorial approach, which asks "whether the elements of the crime of conviction sufficiently match[es] the elements" set forth by the Sentencing Guidelines, "while ignoring the particular facts of the case." *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *see also United States v. Jackson*, 711

8

F. App'x 90, 91 (3d Cir. 2017) (finding that N.J. Stat. Ann. § 2C:35-5 "fits within the U.S.S.G. § 4B1.2(b) Guidelines definition of a 'controlled substance offense'"); *Jackson v. United States*, Civ. No. 17-4707, 2018 WL 4828409, at *2 (D.N.J. Oct. 4, 2018) (finding that convictions under N.J. Stat. Ann. § 2C:35-5 qualified as predicate controlled substance offenses). Accordingly, even had counsel raised this argument at sentencing, it would not have been successful and thus Petitioner cannot show he was prejudiced by his counsel's failure to raise it.[3]

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied. No certificate of appealability shall issue. An accompanying Order shall be entered.

ANNE E. THOMPSON
United States District Judge

---

[3] Petitioner additionally relies on the Third Circuit's decision in *Chang-Cruz*, 659 F. App'x 114. That case was an immigration decision which is inapplicable to determining whether an offense is a controlled substance offense under the Guidelines. *See Jackson*, 711 F. App'x at 91–92.

9